Case 4:23-cv-01470   Document 38   Filed on 09/25/23 in TXSD   Page 1 of 17

United States District Court
Southern District of Texas
**ENTERED**
September 25, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | § | |
|---|---|---|
| Antwanne Lee, | § | |
| | § | |
| *Plaintiff,* | § | Case No. 4:23-cv-01470 |
| | § | |
| v. | § | |
| | § | |
| Olivia Brokenberry and | § | |
| Harris County, | § | |
| | § | |
| *Defendants.* | § | |

# MEMORANDUM AND ORDER

Pending are two motions to dismiss, one filed by Defendant Olivia Brokenberry, a corrections officer, and the other filed by Harris County. Dkt. 29, 30. With the Court's permission, Plaintiff Antwanee Lee filed a response, Dkt. 35, and Defendants each filed a reply, Dkt. 36, 37. Consistent with its prior order, the Court also considered the substance of certain arguments that Defendants asserted when seeking to dismiss prior iterations of Plaintiff's claims. *See* Dkt. 34 at 2 n.1.

After carefully considering the briefs, the Third Amended Complaint (hereinafter "the Complaint"), and the applicable law, the Court grants the County's motion to dismiss (Dkt. 29) and denies Officer Brokenberry's motion to dismiss (Dkt. 30).

## Background

This is a civil rights suit by a pretrial detainee at the Harris County Jail who was allegedly attacked and injured by other inmates. The following facts are recited in the Complaint and accepted as true at this stage.

Plaintiff alleges that he alerted a corrections officer that other inmates had threatened him with violence, which prompted the officer to move Plaintiff to another location. Dkt. 23 ¶ 8. But that officer was subsequently replaced by Brokenberry. *Id.*

According to Plaintiff, Brokenberry moved Plaintiff into an area that "included potential aggressors," ignoring Plaintiff's pleas to be moved elsewhere. *Id.* Plaintiff alleges that Brokenberry "spread a rumor"—over the jail telecom—that Plaintiff had vandalized the property of other inmates. *Id.* After hearing this communication, several inmates purportedly approached Brokenberry to ask if she "would allow the inmates to attack Plaintiff." *Id.* Plaintiff asserts that "Brokenberry then instructed the inmates to attack Plaintiff, and to do so quickly, because ... Brokenberry's shift was nearing its end." *Id.* Eight inmates attacked Plaintiff with a shank, boiling water, a mop, and broom, causing serious injuries. *Id.*

More generally, the Complaint alleges there has been a pattern of "fatal conditions" and an increasing number of deaths at Harris County jail facilities, based on unspecified news sources. *Id.* ¶ 9; *see also id.* ¶ 25 (alleging there

were 32 deaths at the Harris County jail "within a 14-month span"). Without identifying any particulars, the Complaint claims that the Harris County Sheriff's Office conducted an internal investigation that identified "several offending employees in some way connected to the treacherous environment." *Id.* ¶ 9. The Complaint further alleges that the Sheriff himself "requested an FBI investigation and publicly commented on the need to make facilities safer for its detainees." *Id.*

Plaintiff sued Brokenberry and the County in Texas state court, asserting claims for negligence, gross negligence, and violations of the Eighth Amendment. Dkt. 1 at 7-13. Defendants removed the suit to this Court, invoking federal question jurisdiction under 28 U.S.C. § 1331. Dkt. 1 at 1. Defendants responded by filing motions to dismiss under Rules 12(b)(1) and (b)(6). Dkt. 4, 5.

Defendants' motions prompted Plaintiff to file or otherwise seek leave to file a first, second, and then the instant (Third Amended) Complaint, each of which Defendants moved to dismiss. *See* Dkt. 34 (referencing this history). Many of those prior motions for leave or to dismiss became moot when the Court granted Plaintiff's request for leave to file his current Complaint. *See id.* at 1-2. Because Brokenberry invoked qualified immunity as a basis for dismissal, the Court granted a limited stay of discovery pending resolution of Defendants' motions to dismiss the live Complaint. *Id.* at 2.

3

With leave of court, *see id.* at 1-2, Plaintiff filed a response to Defendants' latest motions to dismiss his claims, to which Defendants filed replies. *See* Dkt. 29 (Harris County's motion to dismiss under Rule 12(b)(1) and (b)(6), incorporating Dkt. 17); Dkt. 30 (Brokenberry's motions to dismiss); Dkt. 35 (Plaintiff's response); Dkt. 36 (Brokenberry's reply); Dkt. 37 (Harris County's reply, re-incorporating Dkt. 17). The motions to dismiss are ripe for review.

## Legal Standard

### I. Rule 12(b)(6), rather than Rule 12(b)(1), governs Defendants' motions to dismiss.

The Court first resolves whether Defendants' motions to dismiss, invoking qualified immunity and *Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978), are governed by Rule 12(b)(1) or (b)(6). Case law reflects that only Rule 12(b)(6) applies.

As her basis for dismissal, Brokenberry argues (among other things) that qualified immunity bars Plaintiff's claims.[1] Dkt. 30 at 2. Qualified immunity is an affirmative defense. *See Harlow v. Fitzgerald*, 457 U.S. 800, 815 (1982). "It is not jurisdictional and cannot constitute grounds for dismissal under Rule 12(b)(1)." *Espinoza v. Garza*, 2020 WL 2310022, at *6 (S.D. Tex. Apr. 6, 2020) (collecting authorities and denying Rule 12(b)(1) motion to dismiss that

---

[1] Brokenberry's further contention that Plaintiff fails to assert a cognizable conspiracy claim plainly and explicitly invokes the Rule 12(b)(6) standard. *See* Dkt. 30 at 2-3; Dkt. 36 at 3.

4

invoked qualified immunity), *adopted by* 2020 WL 2309686 (S.D. Tex. May 8, 2020); *see also, e.g.*, *Bryant v. Dayton Indep. Sch. Dist.*, 2021 WL 3555947, at *3 (S.D. Tex. Aug. 11, 2021) (qualified immunity is "properly addressed under Rule 12(b)(6), not Rule 12(b)(1)").

Second and similarly, Harris County's arguments based on *Monell* raise a "mere defense to liability." *See Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 43 (1995) (internal quotation marks omitted); *see also Burge v. Parish of St. Tammany*, 187 F.3d 452, 477 (5th Cir. 1999) (quoting this principle from *Swint* and rejecting attempt to appeal an order denying summary judgment on *Monell* issue). *Monell*'s restrictions affect the merits of Plaintiff's claims, "not the Court's jurisdiction to hear them." *See Ramirz v. City of El Paso*, 2022 WL 16557646, at *3 (W.D. Tex. Apr. 2, 2020) (making similar observation).

In short, Defendants arguments do not implicate the Court's subject-matter jurisdiction. The Court therefore applies Rule 12(b)(6)'s standard.

## II.     Rule 12(b)(6) standard

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Conversely, when the allegations

in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quotation marks and alteration omitted).

## Analysis

### I. Plaintiff has stated plausible claims against Brokenberry.

Plaintiff asserts two claims against Brokenberry under 42 U.S.C. § 1983. The first alleges that Brokenberry violated Plaintiff's rights under the Due Process Clause of the Fourteenth Amendment by inciting Plaintiff's fellow inmates to attack him and then "instruct[ing] the inmates" to do so. Dkt. 23 ¶¶ 8, 10-14. Brokenberry argues that this claim is barred by qualified immunity. *See* Dkt. 30 at 2 (referencing previous motions to dismiss that elaborated on qualified immunity).

For his second claim, Plaintiff asserts that Brokenberry unlawfully conspired with the inmates to facilitate their attack on Plaintiff. Dkt. 23 ¶¶ 15-22. Despite Plaintiff's explicit reference to § 1983, *see id.*, Brokenberry maintains that this claim is governed by 42 U.S.C. § 1985(3), which requires "racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action." Dkt. 30 at 3 (quoting *Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971)).

As explained below, the Court agrees with Plaintiff that the Complaint contains enough facts to plausibly state both a § 1983 claim and a related conspiracy claim. The Court therefore denies Brokenberry's motion to dismiss.

### A. Plaintiff has alleged sufficient facts to overcome qualified immunity at this juncture of proceedings.

To negate the qualified immunity defense at this early stage, a plaintiff must "plead specific facts that both allow the court to draw the reasonable inference that the defendant is liable for the harm he has alleged and that defeat a qualified immunity defense with equal specificity." *Hinojosa v. Livingston*, 807 F.3d 657, 664 (5th Cir. 2015) (internal quotation marks and citation omitted). When conducting this inquiry, the Court construes the allegations in the light most favorable to the plaintiff. *Austin v. Johnson*, 328 F.3d 204, 207 (5th Cir. 2003).

Overcoming qualified immunity requires sufficient allegations both that (1) the defendant's conduct, as alleged, violated the plaintiff's constitutional rights; and (2) the defendant's conduct was objectively unreasonable in light of clearly established law. *See Alexander v. Eeds*, 392 F.3d 138, 144 (5th Cir. 2004). For the second requirement, the Court determines "whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in the light of that then clearly established law." *Hare v. City of*

7

*Corinth*, 135 F.3d 320, 326 (5th Cir. 1998) ("*Hare III*"). A right was "clearly established" if "a legislative directive or case precedent" made it "sufficiently clear such that every reasonable officer would have understood that what he is doing violates the law." *Keller v. Fleming*, 952 F.3d 216, 225 (5th Cir. 2020).

Although the Complaint references both the Fourteenth Amendment's Due Process Clause and the Eighth Amendment, Dkt. 23 ¶ 12, pretrial detainees like Plaintiff "are not protected by the Eighth Amendment ...." *Hyatt v. Thomas*, 843 F.3d 172, 177 (5th Cir. 2016). Nevertheless, "the State owes the same duty under the Due Process Clause and the Eighth Amendment to provide both pretrial detainees and convicted inmates with basic human needs, including medical care and protection from harm, during their confinement." *Id.* (quoting *Hare v. City of Corinth, Miss.*, 74 F.3d 633, 650 (5th Cir. 1996) ("*Hare II*")).

Decades ago, the Supreme Court held that "gratuitously allowing the beating ... of one prisoner by another serves no legitimate penological objective[s]." *Farmer v. Brennan*, 511 U.S. 825, 532 (2004) (internal quotation marks omitted). Consistent with *Farmer*, the Fifth Circuit has deemed "well established" the principle that "prison officials have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria v. Texas*, 473 F.3d 586, 592 (5th Cir. 2006) (citing *Farmer*, 511 U.S. at 832-33); *see also Johnson v. Johnson*, 385 F.3d 503, 532-33 (5th Cir. 2004) (affirming

8

denial of qualified immunity, at pleading stage, to certain prison employees who allegedly and illegitimately denied plaintiff protection from attacks by other inmates).

Under the foregoing precedent, Plaintiff has plausibly alleged that Brokenberry violated his clearly established Due Process right to be protected from harm by other inmates. The Complaint alleges that Brokenberry spread a rumor over the jail intercom system that Plaintiff had vandalized other inmates' property. Dkt. 23 ¶ 8. Inmates approached Brokenberry, asking for permission to attack Plaintiff. *Id.* Brokenberry then allegedly authorized several inmates to attack Plaintiff, "instructing" them "to do so quickly, because ... Brokenberry's shift was nearing its end." *Id.* Eight inmates wielding a shank, boiling water, a mop, and a broom, then attacked Plaintiff, causing serious injuries. *Id.*

Moreover, the allegations, taken as true, indicate that Brokenberry's conduct was objectively unreasonable. According to the Complaint, Brokenberry not only knew of and failed to avert threats to Plaintiff's safety, but she also allegedly incited and instructed other inmates to mount the attack. Dkt. 23 ¶ 8; *compare with Oliver v. Gusman*, 611 F. Supp. 3d 290, 301 (E.D. La. Mar. 19, 2020) (mere knowledge of "a substantial risk of serious harm to inmates ... from assaults by other inmates" adequately alleged that

9

defendants' failure to correct certain policies was objectively unreasonable regardless of whether defendants knew that plaintiff "specifically was at risk").

Based on the allegations, Brokenberry also was deliberately indifferent to Plaintiff's safety. The test for deliberate indifferent requires that jail officials "(1) were aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn; and (2) actually drew an inference that such potential for harm existed." *Howe v. Doe*, 2017 WL 4676830, at *3 (citing *Palmer v. Johnson*, 193 F.3d 3246, 352 (5th Cir. 1999)).

According to the Complaint, Brokenberry did not just fail to appreciate the risk to Plaintiff's safety. Rather, Plaintiff's allegations indicate that Brokenberry provoked and authorized or directed other inmates to mount the attack. *See* Dkt. 23 ¶ 8. Such intentional conduct is more than enough to show deliberate indifference. *See, e.g., Southard v. Tex. Bd. of Crim. Justice*, 114 F.3d 539, 551 (5th Cir. 1997) (deliberate indifference distinguishes omissions that "amount to an intentional choice from those that are merely unintentionally negligence oversight[s]") (internal quotation marks omitted); *Zollicoffer v. Livingston*, 169 F. Supp. 3d 687, 696 (S.D. Tex. Mar. 14, 2016) (denying motion to dismiss failure-to-protect claim where defendant allegedly knew of and disregarded a substantial risk to the safety of a transgender inmate who had sought protection from other inmates).

Brokenberry insinuates that Plaintiff's "preposterous" or "outrageous" allegations" are too implausible to survive dismissal. *See* Dkt. 36 at 2. That position improperly invites the Court to assess the *credibility* of Plaintiff's allegations, contrary to the Rule 12(b)(6) standard. *See Greene v. DeMoss*, 2022 WL 3716201, at *1, 3 (5th Cir. Aug. 29, 2022) (characterizing law enforcement officers' contention that allegations were implausible as an improper challenge to the credibility of those allegations; affirming the denial of the officers' motion to dismiss § 1983 claims). Accordingly, Brokenberry's motion to dismiss the § 1983 claim is denied.

### B. Plaintiff also adequately pleaded a § 1983 conspiracy claim.

Brokenberry's further request for dismissal of Plaintiff's conspiracy claim under § 1983 hinges on the assumption that the claim is only cognizable under 42 U.S.C. § 1985(3). Dkt. 30 at 1 (asserting that Plaintiff's conspiracy claim "cites the wrong statute"). Based on that assumption, Brokenberry maintains that Plaintiff's failure to allege class-based animus forecloses recovery under § 1985(3). *Id.* at 2-3 (invoking *Griffin*, 403 U.S. at 102); *see also* 42 U.S.C. § 1985(3) (making it unlawful for two or more persons to deprive a plaintiff "of the equal protection of the laws"). Alternatively, Brokenberry asserts that Plaintiff's conspiracy theory is too outrageous to state a plausible conspiracy under § 1983. *See* Dkt. 36 at 3. The Court agrees with Plaintiff

11

that his claim is properly governed by § 1983 and is plausibly pleaded. *See* Dkt. 35 at 1-7.

As the Fifth Circuit has recognized, "[a]n action for conspiracy may be maintained under section 1983." *Ryland v. Shapiro*, 708 F.2d 967, 974 (5th Cir. 1983) (reversing dismissal of § 1983 conspiracy claim). This claim is distinct from a conspiracy claim under § 1985. *See id.* A conspiracy under § 1983 requires "(1) the existence of a conspiracy involving state action, and (2) a deprivation of civil rights in furtherance of the conspiracy by a party to the conspiracy." *Pfannstiel v. City of Marlon*, 918 F.2d 1178, 1187 (5th Cir. 1990), *abrogated on other grounds by Martin v. Thomas*, 973 F.2d 449 (5th Cir. 1992); *see also Shaw v. Villanueva*, 918 F.3d 414, 419 (5th Cir. 2019) (same requirements). Moreover, such a claim can be brought against an official who allegedly conspired with a private party—not just the private party itself. *See, e.g., Morales v. Carrillo*, 625 F. Supp. 3d 587, 598, 608 (W.D. Tex. 2022) (denying motion for summary judgment on § 1983 conspiracy claim against officer who allegedly conspired with private parties to bring false charges against the plaintiff).

Here, the Complaint asserts enough facts to support all elements of a § 1983 conspiracy. According to the allegations, inmates at the Harris County Jail approached Brokenberry, a corrections officer, asking for her permission to attack Plaintiff. Dkt. 23 ¶ 8. Brokenberry then agreed and instructed those

inmates to do so. *Id.* This is enough to show the existence of an agreement between a state actor and others to unlawfully deprive Plaintiff of his due process rights. And because the inmates purportedly followed through by attacking and injuring Plaintiff with makeshift weapons, *id.*, the Complaint plausibly alleges that Plaintiff was, in fact, deprived of his due process right to protection from harm. *See supra* Part I.A; *Pfannstiel*, 918 F.2d at 1187 (conspiracy claim is actionable only if "an actual violation of section 1983" exists). Brokenberry cannot challenge the credibility of Plaintiff's allegations as a basis for dismissing them under Rule 12(b)(6). *See Greene*, 2022 WL 3716201, at *3 (5th Cir. Aug. 29, 2022). The § 1983 conspiracy claim therefore survives dismissal.

## II. **Plaintiff has not adequately pleaded a *Monell* claim against the County.**

The strict threshold for § 1983 claims against the County leads to a different result. Under *Monell*, "a municipality cannot be held liable solely because it employs a tortfeasor ...." 436 U.S. at 691 (emphasis removed). "Consequently, the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability." *Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (footnote omitted). Instead, to state a claim against the County, Plaintiff must

13

allege: (1) that "a deprivation of constitutional rights was inflicted pursuant to an official custom or policy"; (2) that a custom or policy, if facially innocuous, was "promulgated with deliberate indifference to the known or obvious consequences that constitutional violations would result"; and (3) there is a "direct causal link between the municipal policy and constitutional deprivation." *Id.* at 579-80 (internal quotation marks omitted).

The Complaint does not allege that the County had an explicit policy of failing to protect jail inmates. Rather, Plaintiff asserts—in vague terms—that a "clear and frightening pattern" of unsafe conditions at the jail have led to an "increasing in-custody death toll," the identification of "several offending employees," and unspecified comments by the County Sheriff requesting an FBI investigation. Dkt. 23 ¶ 9; *see also id.* ¶ 25 (alleging 32 deaths within a 14-month period).

Short of a written or formal policy, Plaintiff must show a "widespread practice" that "is so common and well settled as to constitute a custom." *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003). Such a pattern "requires similarity and specificity; [p]rior indications cannot simply be for any and all bad or unwise acts, but rather must point to the *specific violation* in question." *Peterson v. City of Ft. Worth*, 588 F.3d 838, 851 (5th Cir. 2009) (emphasis added; internal quotation marks omitted). Bald assertions that the County engaged in unconstitutional practices do not suffice. *See Fraire v. City*

14

*of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992) ("We have consistently required a plaintiff to plead specific facts, not merely conclusory allegations.") (internal quotation marks omitted); *Taylor v. Hartley*, 488 F. Supp. 3d 517, 542 (S.D. Tex. 2020) (dismissing *Monell* claim for lack of specific facts about the alleged policy).

Nothing in the Complaint indicates that prior incidents in the jail "resemble—with sufficient similarity—the constitutional violations alleged by Plaintiff[] so as to establish the required pattern of that unconstitutional conduct." *See Hicks v. Harris Cnty., Tex.*, 860 F.3d 803, 806, 810 (5th Cir. 2017). Plaintiff offers no specifics regarding the prior alleged deaths or incidents that allegedly rendered the County jail unsafe. *See* Dkt. 23 ¶¶ 9, 25. The Complaint also fails to illuminate the nature of the misconduct by the unspecified employees identified in the unspecified investigation. *See id.* ¶ 9. Nor does the Complaint identify what concerns the County Sherriff raised when requesting an FBI investigation. *See id.* Indeed, the Complaint does not even indicate that the referenced issues in the jail involved inmate-on-inmate violence, as opposed to some other cause of injuries or deaths. *See id.* ¶¶ 9, 25.

To survive dismissal, the Complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 545. Without the necessary factual particulars, Plaintiff's allegations do not plausibly indicate that prior incidents at the County jail are adequately similar to sustain a *Monell* claim.

*See, e.g.*, *Sandz v. City of El Paso*, 637 F. App'x 828, 832 (5th Cir. 2016) (affirming dismissal of *Monell* claim, where allegations of twenty-one prior shootings were insufficient to suggest the municipality was indifferent to the need for proper training).

If anything, the particulars underlying Plaintiff's § 1983 claims against Brokenberry further undermine his *Monell* theory. As pleaded, Officer Brokenberry incited and directed other inmates to mount the attack. *See supra* Part I.A. There is no indication that the deaths, injuries, or investigations referenced in the Complaint remotely resemble this asserted incident. Even construing the facts in Plaintiff's favor, the Complaint at best alleges an isolated incident where a corrections officer personally and intentionally caused Plaintiff's harm. *See, e.g.*, *McConney v. City of Hous.*, 863 F.2d 1180, 1184 (5th Cir. 1981) (establishing a pattern requires "[s]ufficiently numerous prior incidents," as opposed to "[i]solated instances"). This is not enough to state a claim under *Monell*. *See, e.g.*, *Smith v. Prator*, 2022 WL 4809615, at *3 (W.D. La. Sept. 30, 2022) (dismissing *Monell* claim at Rule 12(b)(6) stage, rejecting alleged pattern as conclusory and noting that "one act is not itself a custom") (internal quotation marks omitted). Accordingly, the *Monell* claim is dismissed.

**Conclusion**

For the foregoing reasons, the Court **DENIES** Defendant Olivia Brokenberry's Motion to Dismiss (Dkt. 30) and **GRANTS** Defendant Harris County's Motion to Dismiss (Dkt. 29).

Based on this disposition, the Court further **LIFTS THE STAY** of proceedings (Dkt. 34 at 2). A scheduling order will be issued contemporaneously with this order.

Signed on September 25, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge